McMANUS, *Appellant*, v. GREGORY *et al.*

Contract: AUCTION OF LOTS: RIGHT TO REDEEM. Where an auction of lots was made upon condition that the owner should have the right to redeem upon payment of a bonus for each lot sold, the purchaser being required to make a deposit on each purchase, and the plaintiff bought one lot with the privilege of taking another adjoining, which she did, making but one deposit, and accepting without complaint a receipt expressing the aggregate price of the two lots with one redemption fee indorsed thereon, the transaction constituted but one indivisible contract, and the owner was entitled to redeem both lots by the payment of only one redemption fee.

*Appeal from St. Louis City Circuit Court.*—Hon. A. M. THAYER, Judge.

AFFIRMED.

*D. D. Fassett* and *Sim. T. Price* for appellant.

(1) The sales were separate. 16 Mo. App. 376. (2) For the redemption of each piece of property sold,

the seller was bound to pay the maximum bonus. 16 Mo. App. 376. (3) Lanham & Sutton, auctioneers, were respondents' agents for making the sales, and their agency was sufficiently established. But if the sufficiency of proof of their agency be questioned, the fact is indubitably established by a subsequent ratification. That the recognition and ratification of an act which has been previously performed are tantamount to its antecedent authorization, is a proposition too plain for discussion or the citation of authorities. *Turner v. Railroad*, 51 Mo. 510. The agency of Lanham & Sutton, being established, their memoranda of sales show the sales to have been separate and fully satisfy the requirements of the statute of frauds. *White v. Watkins*, 23 Mo. 427. (4) The receipt taken by plaintiff was not the contract, as the court below erroneously held. It was a "note or memorandum in writing signed by the party to be charged," etc., and as such was evidence of the preëxisting contract to which it referred. The fact that the receipt mentions a gross sum as the total price of the two houses, neither affirms nor denies appellant's theory of the sale, it is consistent with either theory. It is at most but an ambiguity which is explained by the other evidence of all the facts surrounding the sale, and the receipt presupposes a prior contract. The court cannot ignore all the other evidence in the case after having admitted it, and treat the receipt as the only evidence of contract. Parol proof may supply omitted parts of a writing or contract when it is shown on its face that it does not contain the entire contract. *Lehndorf v. Shields*, 13 Mo. App. 486 ; *Brown v. Bowen*, 90 Mo. 184.

*Dyer, Lee & Ellis* for respondents.

BLACK, J.—This was an action for the specific performance of a contract for the sale of real estate. The facts disclosed on the trial are these : Fisher &

Company, real-estate agents, issued a prospectus or handbook of a proposed auction sale of various parcels of property belonging to their patrons. The terms of the sale, as therein set forth, so far as material to this case, are as follows: "If, however, any piece of property is knocked down at the sale at a price that the owner considers too great a sacrifice, he will have the right, within forty-eight hours after the sale, to redeem the same by paying a bonus of not less than seven dollars and not more than thirty dollars. This sum, together with the earnest money, will be turned over to the purchaser and sale declared off," etc. "Deposit: Thirty dollars required down on purchase of property on one thousand dollars or under; fifty dollars on sales between one thousand dollars and two thousand dollars; seventy-five dollars on sales between two thousand dollars and five thousand dollars, and so on. The part of each plat colored red is the property for sale."

Among the property thus advertised for sale was a parcel owned by the defendants and designated by red color on plat number 29, of the prospectus. The property is described in the handbook as numbers 1511 and 1513, Clark avenue, block 210, fifty feet front by one hundred and seventy-five feet, with two houses thereon, which are described. The numbers are evidently street numbers. The auctioneer on reaching this property offered for sale the west twenty-five feet, and at the same time stated that the purchaser would have the privilege of taking the other part at the same price. Plaintiff, through her son and a Mr. Keely, bid off number 1513 at four thousand and seventy-five dollars, and elected to take number 1511 at the same price. The clerk of the auctioneer then placed upon that part of the plat colored red the figures $4,075 in two places, and upon another part wrote "Camilla S. McManus, $8,150." Keely, for the plaintiff, not having seen these

memoranda of the auctioneer, handed to Fisher & Company, fifty dollars, and received therefor the following receipt:

"Received of Camilla S. McManus, fifty dollars, account purchase of house 1511 and 1513 Clark avenue, block 210 per plat, No. 29, catalogue of to-day's sale. Sold for the sum of eighty-one hundred and fifty dollars, subject to approval of owner per condition of sale.

"GREGORY HEIRS,

"By FISHER & Co., agents."

Before delivering the receipt, Fisher & Company indorsed thereon, "redemption fee, $20." Defendants tendered to plaintiff the fifty dollars and also twenty dollars, which being refused, they then delivered her the fifty dollars and a redemption fee of thirty dollars, which was also refused on the ground that she was entitled to two redemption fees of thirty dollars each. The petition prays for a decree as to both numbers; but the claim of the plaintiff now is, that there was a separate auction sale of number 1511; that no redemption fee was tendered as to the sale of that number, and, as to that, she is entitled to have the contract specifically enforced. The case is here on all of the evidence, whereas it was considered by the court of appeals, on a demurrer to the petition. *McManus v. Gregory*, 16 Mo. App. 376. Where land is sold at auction in separate lots, and several of the lots are purchased by the same person, the contract is not an entire one, but the sale of each lot is a distinct contract. *VanEps v. The Mayor*, 12 Johns. 436; *Wells v. Day*, 124 Mass. 38; 1 Pars. on Cont. (6 Ed.) 495. The author cited proceeds to say: "Where the contract is written and signed for the purchase of several lots at one aggregate price, it is one contract; and this is so where this contract was subsequent to a sale of the same lots severally and at several prices to the same purchaser." *Ib.* 695. "And the

parties may, by their subsequent dealings, convert two or more distinct contracts into an entire one, as by entering into one agreement for the sale of the several subject-matters at one aggregate price." Fry on Spec. Perf., sec. 540.

Whether this transaction should be considered as one or two contracts, as matters stood when the auctioneer knocked down number 1513 and the plaintiff made her election to take the other, is a question of no importance in this case, in view of what subsequently transpired. Nor do we regard the memoranda made by the auctioneer as having any controlling influence, first, because they are quite as consistent with the theory of a single sale, as that of a divisible contract; and, second, because the receipt was given and accepted without any regard to them. The receipt given by Fisher & Company, when the plaintiff made the deposit, was designed to, and does, when taken in connection with the advertisement of the sales, express the contract between the parties. It shows a sale of the two numbers at one price of eighty-one hundred and fifty dollars. The plaintiff made but one deposit, and made no indication that she intended a deposit for two transactions. Had she supposed there were two contracts she should have made her deposits and requested a receipt accordingly. She accepted the receipt with the one redemption fee indorsed thereon, and that, too, without complaint. The receipt and the contract of the parties show that they intended to and did convert the transaction into one indivisible contract. Plaintiff made and intended to make but one deposit, and she was entitled to but one redemption fee.

The judgment is, therefore, affirmed. Ray, J., absent. The other judges concur.